## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WILLIAM D. FOWLER,

      Plaintiff,

          v.

KENNETH W. STOLLE,
*individually and in his official capacity*
*as Sheriff of the City of Virginia Beach,*
*Virginia,*

      Defendant.

Case No. 2:22-cv-504

## MEMORANDUM ORDER

Before the Court are the plaintiff's "Motion to Allow Emotional Distress Claim
to Proceed to Trial" (ECF No. 95) and the defendant's Motion *in Limine* to Exclude
Reference to Plaintiff's Counseling Treatment, Therapy and/or Associated Expenses
(ECF No. 53 (motion), ECF No. 54 (memorandum)). Because these motions are
related, the Court considers them together. For the following reasons, the plaintiff's
motion (ECF No. 95) is **GRANTED,** and the defendant's motion (ECF No. 53) is
**DENIED.**

### A.    Background

The plaintiff's amended complaint alleges that he suffered "mental anguish,
anxiety, pain, suffering, humiliation, and loss of quality and enjoyment of life" as a
result of the defendant's actions and requests "all non-pecuniary damages including

emotional pain, suffering, inconvenience, anxiety, loss of quality and enjoyment of life, loss of reputation, loss of career and mental anguish." ECF No. 18 at 21–22.

During discovery, the defendant propounded an interrogatory to the plaintiff which asked him to:

> Describe in detail and with particularity all damages, including work-related damages, emotional and/or psychological injuries and corresponding expenses, you contend you suffered as a result of the conduct alleged in your Complaint. For each element of damages claimed: (1) state the basis on which you claim that element of damages; (2) state the manner or method by which you calculated the damages you allegedly suffered; and (3) identify all documents, which relate to your answer to this Interrogatory.

ECF No. 54-1 at 2.

In response to this interrogatory, the plaintiff asserted the cost of therapy appointments that he had been attending "as a direct result of [his] illegal, untimely termination from the Virginia Beach Sheriff's Office as a way to determine how to cope with the massive life change and how it affected all other aspects of life." *Id.* at 5. The plaintiff's responses to this interrogatory contain no claim for emotional damages as such.

### B.    Claim for Emotional Damages

At the Final Pretrial Conference, in the context of the defendant's motion *in limine* discussed below, the Court asked whether the plaintiff had waived a claim for emotional damages by failing to include such a claim in response to the defendant's interrogatories. ECF No. 94 at 124–27. The Court ordered supplemental briefing. *Id.* The plaintiff filed the instant motion on October 3, 2023 (ECF No. 95), and the defendant filed a response in opposition on October 9, 2023 (ECF No. 98).

The Court has reviewed the plaintiff's interrogatory responses (ECF No. 95-1) and considered the arguments presented by the parties. The Court finds that the plaintiff's interrogatory responses do not disclose a claim for emotional damages. The responses do disclose an intent to seek the cost of the plaintiff's therapy appointments, which is the closest the plaintiff comes to disclosing an intent to seek emotional damages. But the itemized costs of therapy appointments are different in kind from the damages that the plaintiff now seeks.

Nonetheless, the Court will permit the plaintiff to pursue emotional damages at trial because the plaintiff's failure to disclose these emotional damages in his interrogatory responses was "harmless." Fed. R. Civ. P. 37(c)(1). First, the defendant was clearly on notice that the plaintiff sought such damages, for at least three reasons:

- Each count of the amended complaint includes an allegation that the plaintiff suffered "mental anguish, anxiety, pain, suffering, humiliation, and loss of quality and enjoyment of life" as a result of the defendant's actions, ECF No. 18 ¶¶ 87, 97, 102, 107, 115, as does the prayer for relief, *id.* at 22;

- The defendant sought discovery regarding these damages during the deposition of the plaintiff, ECF No. 110-1; and

- In the context of the motion *in limine* discussed below, the plaintiff's opposition asserts that he "has brought [] a garden variety emotional distress claim" and that he should be "permitted to express in his own words the impact he experienced, as other courts have permitted, such as testifying that he felt depressed, anxious, or dejected." ECF No. 77 at 3 (quotation marks omitted). In reply, the defendant did not assert that the plaintiff had waived such a claim by failing to disclose it during discovery. *See* ECF No. 80. Instead, the issue was first raised when the Court, *sua sponte*, at the Final Pretrial Conference, inquired of counsel regarding the potential waiver of this claim.

3

Most importantly, during the teleconference hearing that the Court held on October 12, 2023, the Court asked counsel for the defendant what other discovery he would have sought if the plaintiff had clearly disclosed a claim for emotional damages in his interrogatory responses. Counsel indicated that he would have asked the plaintiff how the defendant's actions had impacted his life. But according to the plaintiff's deposition transcript, that is precisely what counsel did: he asked the plaintiff whether he was taking "[a]ny medication related to anxiety or mental anguish or anything like that," ECF No. 110-1 at 164:4–11; he asked about the plaintiff's therapy appointments and whether he had ever gone to therapy before, *id.* at 164:12–19; he asked about "[w]hat type of problems" the plaintiff had been having since he was not reappointed, which elicited testimony about the plaintiff's "[d]epression and anxiety," *id.* at 169:7–16; he asked how the plaintiff's depression and anxiety has affected his life and whether the plaintiff had "any other problems or symptoms." *Id.* at 169:17–170:2; 170:19–172:9. In short, the defendant received the discovery that he would have sought had the plaintiff clearly disclosed his claim for emotional damages in his interrogatory responses.

For the foregoing reasons, the Court finds that the plaintiff's failure to include a claim for emotional damages in his interrogatory responses was "harmless." Fed. R. Civ. P. 37(c)(1). The plaintiff will be allowed to pursue a claim for emotional damages at trial, but in the interest of fairness, the plaintiff may only present evidence and testimony at trial that is commensurate with the scope of his deposition testimony.

## C.    Motion *in Limine*

In response to the plaintiff's claims for the cost of his therapy appointments, the defendant moved to subpoena the plaintiff's therapy records. The plaintiff moved to quash the subpoena, arguing that the records were protected from disclosure by the therapist-patient privilege. ECF No. 25. The Honorable Lawrence R. Leonard held a hearing on the motion and granted it, finding that the plaintiff had not waived the privilege. ECF No. 33. Consequently, Judge Leonard also ordered that the plaintiff "may not offer evidence from [his therapist] with respect to any mental health care or treatment, or the cost of any mental health care or treatment, that Plaintiff may claim he received as a result of Defendant's termination from employment." *Id.* at 2.

The defendant then moved *in limine* to prohibit the plaintiff "from making any reference to plaintiff's counseling treatment, therapy and/or associated expenses" at trial, pointing to Judge Leonard's earlier ruling on the motion to quash. ECF No. 54 at 3. The plaintiff opposed, arguing that Judge Leonard's ruling only excluded testimony about "the cost of treatment that he received or [] the opinions of his counselors," and did not prevent the plaintiff from testifying about the fact "that he received treatment, as that is part of the effect of what [he] suffered from the Defendant." ECF No. 77 at 3.

Judge Leonard's ruling does not extend as far as the defendant claims. At the hearing on the motion to quash, Judge Leonard explained:

> If the plaintiff is going to claim that as a result of the defendant's conduct he was: A, required to receive mental health treatment; B, the

> cost of that treatment was "X"; and C, the need for that treatment was made necessary because of the conduct from the defendant, he can't do that himself. He needs the healthcare provider to tie it together.

ECF No. 54-2 at 2. After the plaintiff offered to stipulate "that there would be no further claim" to the cost of the plaintiff's therapy sessions, Judge Leonard made clear that the plaintiff could still pursue a claim for emotional damages:

> Mr. Fowler will be free to testify that he was very upset about what happened to him, and he thought it was very unfair, and it caused him a lot of angst and anxiety and whatever he wants to say, whatever is the truth, but he's not going to be able to say, and therefore I got this treatment and it cost me "X" amount of dollars, and the doctor said that my emotional anxiety was all attributable to the conduct of the Sheriff.

*Id.* at 3–4.

Judge Leonard's ruling was directed to the plaintiff's claim for the cost of his therapy appointments and his desire to establish a causative link between the defendant's actions and those costs. Judge Leonard's ruling does not prevent the plaintiff from testifying that he sought therapy as a way to, e.g., illustrate the severity of his emotional distress. And because the Court found above that the plaintiff may pursue a claim for emotional damages at trial and present evidence of such consistent with the scope of his deposition testimony, the plaintiff may testify at trial that he sought therapy as a result of his mental anguish, and he may testify as to the number of sessions that he has attended since he was not reappointed, but he may not disclose the content or costs of those sessions.

\*     \*     \*

For the foregoing reasons, the plaintiff's "Motion to Allow Emotional Distress Claim to Proceed to Trial" (ECF No. 95) is **GRANTED.**

The defendant's Motion *in Limine* to Exclude Reference to Plaintiff's Counseling Treatment, Therapy and/or Associated Expenses (ECF No. 53) is **DENIED.**

As the Court previously ordered from the bench at the Final Pretrial Conference, the defendant's "Motion *in Limine* to Exclude Inadmissible Hearsay Evidence" (ECF No. 56) is **GRANTED IN PART** and **DENIED IN PART**; the plaintiff's Motion *in Limine* (ECF No. 69) is **GRANTED**;[1] and the Court **RESERVES RULING** on the defendant's "Motion *in Limine* to Exclude Irrelevant, Non-Probative and Highly Prejudicial Evidence" (ECF No. 59) and the defendant's "Motion *in Limine* to Exclude Speculative Damages" (ECF No. 62).

On motion of the defendant at the Final Pretrial Conference, the defendant's Motion for Leave to File Media Exhibits (ECF No. 40) is deemed **WITHDRAWN.**

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/

_____
Jamar K. Walker
United States District Judge

Norfolk, Virginia
October 18, 2023

---

[1] The Court's rulings on these motions are subject to the exhibit redactions and testimony restrictions discussed at the Final Pretrial Conference.