IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WILLIAM D. FOWLER,

    Plaintiff,

    v.

KENNETH W. STOLLE,

    Defendant.

Case No. 2:22-cv-504

**OPINION & ORDER**

Before the Court are Plaintiff William D. Fowler's motion for attorneys' fees and costs and Defendant Kenneth W. Stolle's motion to strike the plaintiff's motion. ECF No. 145, 146. For the reasons stated herein, the defendant's motion to strike is **GRANTED,** and the plaintiff's motion for attorneys' fees and costs is **DENIED WITHOUT PREJUDICE** as **NOT RIPE.**

The plaintiff alleged five claims under 42 U.S.C. § 1983, arising out of the defendant's failure to reappoint him as a sheriff's deputy. ECF No. 18 (Amended Complaint). A jury found the defendant liable on two of the claims and awarded the plaintiff $10,000. ECF No. 135. The defendant filed a timely motion for judgment as a matter of law on the question of qualified immunity. ECF No. 151. The plaintiff also filed a motion for judgment as a matter of law as to the claims on which the jury found for the defendant, and the plaintiff seeks a new trial on damages for those claims. ECF Nos. 154 (motion), 155 (memorandum).

The plaintiff filed his motion for attorneys' fees and costs before either party filed its motion for judgment as a matter of law and before the deadline for filing such motions. *Compare* ECF No. 145 *with* ECF Nos. 151, 154; *see* Fed. R. Civ. P. 50(b). The plaintiff moved to strike the plaintiff's fees and costs motion on the grounds that, while the qualified immunity question pends, the jury's verdict does not operate as 'judgment' within the meaning of Fed. R. Civ. P. 54 or 42 U.S.C. § 1988. ECF Nos. 146 (motion), 147 (memorandum). The plaintiff did not respond to the motion to strike.

Federal Rule of Civil Procedure 54 generally allows a party to move for attorneys' fees "after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). A "judgment" is an "order from which an appeal lies"—in other words, a *final* judgment. Fed. R. Civ. P. 54(a); *see* 28 U.S.C. § 1291 (vesting United States courts of appeals with jurisdiction over appeals from "final decisions of the district courts"). A decision that does not resolve all the claims in a case does not operate as a final judgment. Fed. R. Civ. P. 54(b) (Unless the district court directs otherwise, a decision "that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims . . . .").

Here, the jury found the facts that will underpin the Court's determination as to whether the defendant is entitled to qualified immunity, but the verdict did not resolve the qualified immunity question itself. *See also Willingham v. Crooke*, 412 F.3d 553, 559 (4th Cir. 2005) (whether a defendant is entitled to qualified immunity

based on the facts the jury finds is a question of law for the court). Because the verdict did not fully resolve the plaintiff's claims, it is not a 'judgment' under Fed. R. Civ. P. 54.

Nor does the verdict entitle the plaintiff to request fees under 42 U.S.C. § 1988(b). A district court may award attorneys' fees to the "prevailing party" in a § 1983 case. 42 U.S.C. § 1988(b). But a § 1983 plaintiff does not "prevail" if, as a result of a finding that the defendant is immune from judgment, the plaintiff does not receive any damages. *Hewitt v. Helms*, 482 U.S. 755, 760 (1987). Thus, while the question of qualified immunity remains open, the plaintiff has not 'prevailed' within the meaning of § 1988.

Moreover, the plaintiff himself seeks judgment as a matter of law notwithstanding the jury's verdict on two claims and asks for a new trial on damages. *See generally* ECF No. 155. Thus, the plaintiff's own motion currently stands in the way of a final judgment. *Cf. Tsoleas v. Hege*, 250 F.2d 127, 127 (4th Cir. 1957) (per curiam) (recognizing that an "order setting aside the verdict of a jury and awarding a new trial . . . is not a final judgment from which an appeal may be taken").

At present, there is in no 'judgment' in this case, and the plaintiff has not yet "prevail[ed]." Fed. R. Civ. P. 15(a); 42 U.S.C. § 1988(b). Therefore, the plaintiff's motion for attorneys' fees and costs is premature.[1]

---

[1] Fed. R. Civ. P. 54(d)(1) permits an award of "costs" "to the prevailing party." Because the plaintiff has not yet 'prevailed' within the meaning of 42 U.S.C. § 1988(b), the Court will not consider a request for costs at this time.

3

Defendant Kenneth W. Stolle's Motion to Strike Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 146) is **GRANTED.**

Plaintiff William D. Fowler's Motion for Attorneys' Fees and Costs (ECF No. 145) is **DENIED WITHOUT PREJUDICE.**

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ *Jamar K. Walker*
Jamar K. Walker
United States District Judge

Norfolk, Virginia
October 1, 2024